1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9  ANTONIO CANDELARIO,                        CASE NO. 1:09-cv-00365 AWI DLB PC

10                    Plaintiff,               FINDINGS AND RECOMMENDATIONS
                                               RECOMMENDING DISMISSAL OF ACTION
11        v.                                   FOR FAILURE TO STATE A CLAIM

12  L. SILVA,                                  (Doc. 12)

13                    Defendant.               OBJECTIONS, IF ANY, DUE WITHIN
                                               THIRTY (30) DAYS
14

15                                       /

16        **Findings and Recommendations Following Screening of Amended Complaint**

17  **I.        Screening Requirement**

18        Plaintiff Antonio Candelario ("Plaintiff") is a former state prisoner proceeding pro se and in

19  forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on

20  February 27, 2009.  On May 8, 2009, the Court dismissed Plaintiff's complaint, with leave to amend,

21  for failure to state a claim.  On May 13, 2009, Plaintiff filed a first amended complaint.

22        "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court

23  shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state

24  a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  "Rule 8(a)'s simplified

25  pleading standard applies to all civil actions, with limited exceptions," none of which applies to

26  section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).

27  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing

28  that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  "Such a statement must simply give

1

1   the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

2   Swierkiewicz, 534 U.S. at 512.   However, "the liberal pleading standard . . . applies only to a

3   plaintiff's factual allegations."   Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).   "[A] liberal

4   interpretation of a civil rights complaint may not supply essential elements of the claim that were not

5   initially pled."   Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting

6   Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

7   **II.      Summary of Plaintiff's Amended Complaint**

8            Plaintiff names Correctional Officer L. Silva as the sole defendant.   Plaintiff alleges that

9   defendant Silva came to his cell and "threatend [sic] to assault me with a promise".   Verbal

10  harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. §

11  1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level

12  of a constitutional violation.   Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).   Plaintiff fails to state

13  a cognizable claim.

14           Plaintiff also alleges "deliberate indifference" and requests that violence upon prison inmates

15  by correctional officers be stopped.   Plaintiff has not alleged any facts to support a claim that

16  defendant knew of and disregarded an excessive risk to Plaintiff.[1]   Farmer v. Brennan, 511 U.S. 825,

17  847, 114 S.Ct. 1970 (1994).   Plaintiff's allegation, without more, fails to state a cognizable claim.

18  **III.     Conclusion and Recommendation**

19           Plaintiff's amended complaint fails to state any claims against Defendant Silva under section

20  1983.   The Court notes that the allegations in Plaintiff's amended complaint are nearly identical to

21  those alleged in his original complaint, which was dismissed for failure to state a claim.   (Docs. 1,

22  12.)   Plaintiff was provided with an opportunity to amend but has been unable to cure the

23

24

25           [1]The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane
     conditions of confinement.   Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).   Extreme deprivations are
     required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized
26   measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.   Hudson v.
     McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted).   In order to state a claim for
27   violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials
     knew of and disregarded a substantial risk of serious harm to the plaintiff.   E.g., Farmer v. Brennan, 511 U.S. 825,
28   847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

1   deficiencies identified.  Therefore, the Court HEREBY RECOMMENDS dismissal of this action,

2   with prejudice, for failure to state any claims upon which relief may be granted under section 1983.

3          These Findings and Recommendations will be submitted to the United States District Judge

4   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

5   **days** after being served with these Findings and Recommendations, Plaintiff may file written

6   objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

7   Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

8   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

9   1153 (9th Cir. 1991).

10         IT IS SO ORDERED.

11      **Dated:    June 18, 2009**                        /s/ **Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28